# THE

# CRIMINAL RECORDER.

The People *vs.* Mary Smith.   *Grand Larceny.*

The prisoner was put to the bar, charged with larceny, for stealing two pieces of Plush, two Chinchilli Hats, &c., altogether amounting to twenty-six dollars and sixty-seven cents, from the store of Mrs. Platt, No. 439 Pearl street.

NEW-YORK, Jan. 1823.

The People *vs.* Mary Smith.

It appeared by the testimony of Mrs. Platt, that she missed the articles in December last, and that by the vigilance of the police officers the prisoner was arrested and committed to Bridewell, to answer for the felony.

Messrs. Conklin and Homan, upon information received by them, went to her house, and upon searching it, found some of the articles mentioned in the indictment in the bed, between the bed-ticking and the covering of the bed; and some others had been sold by her at different places, which they obtained.

It was also proved that the prisoner told the officers she had brought the articles with her some eight or ten years ago from England.

It was further proved that the prisoner kept the house at the corner of Banker and Market streets, and that it was a harbour for thieves, and a repository for stolen articles.

NEW-YORK,
Jan. 1823.

The People
*vs.*
Mary Smith.

*M'Ewen,* counsel for the prisoner contended that it appreared by the evidence, the prisoner was exceedingly old and infirm; that it was proved she was not in the habit of going out; indeed her infirmity was such as to prevent her going from her house in Banker street, to the house of the prosecutor, in Pearl Street. That presumptive evidence was to be received with caution. But in the present case, the presumption against the prisoner had been in some measure removed by the evidence of her infirmity. That it was true the articles had been found in the possession of the prisoner, and that her answer to the officer was unsatisfactory. But that the rule in relation to the possession of stolen goods did not apply, when a presumption was raised, as in this case, in favor of the prisoner.

*Maxwell, District Attorney,* replied that he thought the evidence entirely satisfactory. That it was proved the articles were found concealed in the bed of the prisoner; that she first denied they were there, and after they were discovered, said she had brought them from England 8 or ten years ago: that it was proved she kept a bad house, the common resort of people of suspicious character; that her infirmity was not satisfactorily proved: and that if she did actually purchase the articles, it might be shown, to the satisfaction of the Court. Nor had any evidence of her good character been offered to the Court, &c.

*His Honor the Recorder, observed to the Jury.*—" This " is a case depending entirely upon circumstantial or pre- " sumptive evidence. It is a general rule that this species " of evidence shall be received with caution, neverthe- " less, circumstances are often so strong as to amount " to satisfactory proof.* It appears by the testimony now

ore the Court, that the prisoner lives in Banker, "near Market-Street, and that she keeps a house of a "suspicious character. Upon the officers' going into her "house to search for stolen goods, she at first denied hav-"ing any; but after they were found, prevaricated: nor "should it be forgotten they were found secreted between "the covering and the bed, she saying she brought them "with her from England nine or ten years ago. The arti-"cles have been identified by Mrs. Platt as belonging to "her. There can be no doubt the articles were stolen from "Mrs. Platt, as she has testified, but whether stolen by the "prisoner or not, is a proper subject for you now to inves-"tigate. The defence set up for the prisoner that she is "old and infirm, and not able to walk from her house to "the store of Mrs. Platt, has not been satisfactorily sustained. "And her assertion when the articles were discovered that "she brought them from England, is absurd, and is desti-"tute of proof. She has neglected to show to the Court "and jury, any evidence of good character. Although the "charge is a very important one, and involving the repu-"tation and liberty of the prisoner, yet she has not thought "proper to offer any evidence to the jury that she is a wo-"man of good character. Upon the whole, you, gentle-"men of the jury, are to decide, from all the circumstances "of the case, whether the prisoner is guilty, as charged in "the indictment, or not guilty."

The jury retired, and in a few minutes found the prisoner guilty.

*NOTE.—It is laid down by Blackstone and others, that presumptive evidence should be admitted with caution. This seems to be a general rule, that has not been disputed; and it operates both in civil and criminal cases. But notwithstanding the numerous decisions upon this subject, the doctrine of presumptive evidence may yet be considered

NEW-YORK, Jan. 1823.

The People
*vs.*
Mary Smith.

NEW-YORK,
Jan. 1823.

The People
*vs.*
Mary Smith.

2 Hale, 289
—290.4 Black
Com. 358—9.

a dark and obscure title, in the books of criminal and civil jurisprudence. Two general rules, only, seem to be laid down with any degree of certainty, by Ld. Hale. He states it as a general proposition that no one ought to be convicted, before a felony is known to have been committed; that no man be found guilty of murder, before the death of the party is actually ascertained. And, secondly, of larceny before the owner of the goods is known, because the person charged cannot give a satisfactory account in what way they came into his possession. But, nevertheless, the doctrine of presumptive evidence is founded on the reason and nature of things: nor can the difficulty of bringing it within certain and defined rules, lessen its importance. There is no doubt it has often been perverted, to gratify the feelings and passions of men: that many have suffered, who afterwards were found to be innocent; yet if this article was expunged from the law records of our country, the worst and most desperate offenders would often escape. It is therefore of importance to give a brief view of the principles of presumptive evidence.

It must be confessed that it is rather singular that this doctrine should have been stretched to its widest extent, on a class of people the most unprotected, and often the most to be pitied, and in a case too, of most peculiar delicacy; and where, from the nature of the case, the presumption can scarcely ever be negatived; but the application of this principle to the mother of an illegitimate child, has been taken away in England, by the 43 Geo. III. C. 58. And in the U. States, by statuary enactments of the different States.

The following are some of the leading principles:

1. No person ought to be convicted of felony or murder, before the death of the party is actually ascertained: 2 Hale, 289. Black Com. vol. 4. 358.

2. Nor for larceny of goods, unless the owner is known, merely because he refuses, or cannot give a satisfactory account how he came in the possession of them. Ibid. Chit. C. L. vol. 1. p. 459. See the practice of the Court of Sessions of New York, upon the principle laid down by Mr. Recorder Riker, in Thomas Preston's case, Crim. Rec. vol. 1. p. 41.

3. Presumptive evidence should be admitted with caution. Black. Com, Vol. 4. p. 358. See also Chitty, vol. 1. p. 459., and the authorities there referred to.

4. It must arise from the facts in issue, and cannot be deduced from any matter extrinsic. For example, on a charge of felony, an admission of the prisoner that he has committed the same offense before, and is addicted to practices of a similar nature, cannot be admitted as evidence against him. Phil. on Ev. p. 701. Campb. 324. 1 New Rep. 92.

But to this rule there are several exceptions:

1. When the charge implies the knowledge of the defendant of the nature and criminality of the act committed. For example: on the charge of uttering a counterfeit note, knowing it to be counterfeit. Evidence that the prisoner had been engaged in passing spurious bills before, will be received as evidence that he knew the note to be counterfeit. 1 Campb. 324. 2 Leach, 983.—987. 1 New Rep. 92.

2. So where A was charged with passing base coin, proof may be received of his having other coin in his possession, in order to show that he knew the money to be base. 1 New Rep.

3. On a charge of conspiracy by false representations of a large fortune, to defraud an individual; other acts of false representation to defraud others, may be admitted, to show a combination. 1 Campb. 399.

4. On an information for a libel, to prove the defendant the author of the libellous matter, other publications may be admitted. Peak's N. P. 75.

2. As to the *degree* or *quantum* of presumption—it has been decided,

1. In a conspiracy, after the combination has been proved, the individual expression of either of the parties may be given in evidence against the others. 6 Term Rep. 527. 11 East. 585. 5 Esp. Rep. 125.

2. Upon an indictment for a libel, in which a publication in the county where the defendant is indicted, must be proved; the post mark of the letter containing the matter charged, is not sufficient to prove a publica-

NEW-YORK,
Jan. 1823.

The People
vs.
Mary Smith.

tion in the county, because of the possibility of forgery. Chitty vol. 1. p. 460. 1 Camp. 215. But,

3. In order to prove that a defendant caused to be published, in Middlesex, libellous letters written by him elsewhere, it will suffice to show, that the letters are in his hand-writing, and that the publisher of a public register, in Middlesex, to whom the letters were sent, before they were forwarded to him, received an anonymous letter, in the same hand-writing, desiring the publication. Ibid. 7 East.

4. An office or liberty named in an indictment, will be presumed to continue, and it will lie upon the defendant to show its termination. Esp. Rep. vol. 5. p. 230. Chitty, vol. 1. p. 461.

5. Where a person acts ostensibly as a public officer, to wit, as administering an oath, or doing any other act within the apparent authority of the office, the law presumes he has competent authority to support him. 1 Campb. 131. 3 Campb. 422. 4 T. R. 366. 1 Chitty, 461.

6. Upon an indictment for murder, in resisting an officer in the execution of his duty, it is sufficient to prove, that he acted as such officer, and to produce the process or warrant, under the sanction of which he acted at the time when the offence was committed, and his authority will be presumed. Fost. C. L. 311—2. 3 Campb. 432.

To convict a prisoner of felony, it is incumbent on the public prosecutor to show that a felony has been committed. City Hall Rec. vol. 3. p. 137.

To prove that bank bills, received as good by the prosecutor, were stolen by the prisoner, is sufficient, without otherwise showing they were of value. Ibid. vol. 4. p. 132.

On a case wholly depending on circumstances, they must be such as are consistent with guilt only. Ibid. vol. 4. p. 91.

See also John Bull, Junr's case. Ibid. vol. 4. p. 157.

These rules also apply to civil cases:

An assignment of property under the absconding debtors' act, is evidence of the insolvency of the debtor. Ten Eyck. and Elmendrof, vs. Tibbits, Caine's Rep. 427.

Where there are strong circumstances to suspect a note has been fraudulently altered, general corroborating circumstances may be admitted in evidence to strengthen the suspicion ; as that other notes drawn and endorsed by the same parties, to take up one of which the note in question was given, had been altered. Rankin *v.* Blackwell, 2 John. Cas. 198.

The record of a will proved under the statute, (Sess. 24. C. 9. S. 6 ) is not conclusive upon the heirs, so as to prevent the admission of evidence to impeach its validity. Jackson, *ex dem.* Woodhull *v.* Remsey 3 John Cas. 234.